USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ANDREW PEREZ,

                    Plaintiff,

       -against-

OXFORD UNIVERSITY; ASTRAZENECA LP;
ASTRAZENECA AB; ASTRAZENECA UK
LIMITED; DR. MELANIE JAY; DR. MARK J.
MULLIGAN; DR. MARTINA A. PARAUDA,

                    Defendants.

21-CV-4844 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

      Plaintiff brings this *pro se* action under the Court's federal question jurisdiction, asserting claims under the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d, and 38 U.S.C. § 7316. By order dated July 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

### A. Service on Defendants

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).")

1. **Service on AstraZeneca Pharmaceuticals, AstraZeneca LP, Mulligan, Jay, and Parauda**

To allow Plaintiff to effect service on Defendants AstraZeneca Pharmaceuticals, AstraZeneca LP, Dr. Mark J. Mulligan, Dr. Melanie Jay, and Dr. Martina A. Parauda through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (2) issue summonses; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

2. **Service on University of Oxford and AstraZeneca AB**

Further, to allow Plaintiff to serve University of Oxford and AstraZeneca AB, which are located in the United Kingdom and Sweden, respectively, the Clerk of the Court is instructed to send copies of the summons and complaint to these defendants. *See* Fed. R. Civ. P. 4(f)(1) (authorizing service under the Hague Convention); *see, e.g.*, *Fallman v. Hotel Insider, Ltd.*, No. 14-CV-10140 (DLC), 2016 WL 5875031, at *3 (S.D.N.Y. Oct. 7, 2016) (noting that "the United Kingdom and the United States are both signatories to the Hague Convention"); *Coblentz GMC/Freightliner, Inc. v. Gen. Motors Corp.*, 724 F. Supp. 1364, 1372 (M.D. Ala. 1989) (noting

that Sweden is a signatory to Hague Convention). The Clerk of the Court may send the documents either by certified mail, return receipt requested, or Federal Express.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Order to Show Cause**

Plaintiff has filed an order to show cause requesting preliminary injunctive relief and a temporary restraining order. (ECF 8.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff largely asserts claims in his declaration in support of the order to show cause that has nothing to do with the named defendants in this action. (*See* ECF 9.)The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff's request for an order to show cause (ECF 8) is denied.

The Clerk of Court is also directed to (1) complete the USM-285 forms with the addresses for AstraZeneca Pharmaceuticals, AstraZeneca LP, Dr. Mark J. Mulligan, Dr. Melanie Jay, and Dr. Martina A. Parauda; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue summonses; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Clerk of Court is further instructed to send copies of the summonses and complaint to University of Oxford and AstraZeneca AB by certified mail, return receipt requested, or Federal Express.

SO ORDERED.

Dated:   July 19, 2021
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ALISON J. NATHAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. AstraZeneca Pharmaceuticals
   1800 Concord Pike
   Wilmington, DE 19803

2. AstraZeneca LP
   1800 Concord Pike
   Wilmington, DE 19803

3. Dr. Mark J. Mulligan
   Principal Investigator of AZD1222 COVID-19 Study
   Veteran Affairs Harbour Healthcare
   423 East 23rd St.
   New York, NY 10010

4. Dr. Melanie Jay
   VA Lead Sub-Investigator of AZD1222
   Veteran Affairs Harbour Healthcare
   423 East 23rd St.
   New York, NY 10010COVID-19 Study

5. Dr. Martina A. Parauda
   Director
   Veteran Affairs Harbour Healthcare
   423 East 23rd St.
   New York, NY 10010

6. University of Oxford
   University Offices
   Wellington Square
   Oxford OX12JD
   United Kingdom

7. AstraZeneca AB
   Forskargatan 18
   SE-15185 Sodertalje
   Sweden