UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #:_____
                                              DATE FILED: 2/8/22
```

Eric Andrew Perez,

                  Plaintiff,

       –v–                          21-cv-4844 (AJN) (RWL)

Oxford University, et al.,                ORDER

                  Defendants.

ALISON J. NATHAN, District Judge:

    Plaintiff Eric Perez, acting pro se, filed this action on May 31, 2021, against several Defendants, including Oxford University, Astrazeneca, and several employees of the U.S. Department of Veterans Affairs. Dkt. No. 2; *see also* Am. Compl., Dkt. No. 34. On January 22, 2022, Plaintiff Eric Perez filed a 6-page letter to request a restraining order against the following individuals and entities:

> NYS DOCCS (New York State Department of Corrections), NYC DOCCS (New York City Department of Corrections), FBI ) (Federal Bureau of Investigations), DEA (Drug Enforcement Agency), MI6 (British Intelligence), Kew Forest High School, Fresh Direct, Landlord Joe Armato, Landlord 1424 Vyse Ave Eduard Haxari who is known to report to the Albanian Embassy which is an illegal action of Foreign Officials with Diplomatic Immunity, Landlord Lefrak City Organization, Midstate Security Corporation, Jefferson County Sheriff's Office, DHS (Department of Homeland Security), Unknown & known communist provocateurs and drug informants, Iranian; Afghanistan; and other intelligence agencies, Veterans Affairs Bureau, Unknown companies directing surveillance from Australia, DAS Police (Columbian Drug Police), Interpol, Israeli Defense Forces, Several Church groups mainly Church of the Lilly of the Valleys; Jehovah Witnesses; Wickens & Catholics whom Perez has never been a member of CUNY (City University of New York), and any other corporation that plaintiff Perez has entered into agreement with or uses.

Motion at 1–2, Dkt. No. 62.

None of these individuals or entities are named Defendants in the present action.[1] According to Mr. Perez, these groups are engaged in a conspiracy to track, harass, and harm him. On January 25, 2022, the Honorable Robert W. Lehrburger, U.S. Magistrate Judge, recommended that the Court deny Mr. Perez's request because "the assertions in the letter are conclusory and speculative" and because Mr. Perez "has not provided any factual support for the assertions made in his letter." Dkt. No. 66. Mr. Perez filed a letter on February 7, 2022, that reiterated the allegations in his initial motion. Dkt. No. 70.

Upon careful consideration, the Court adopts Judge Lehrburger's recommendation and DENIES Mr. Perez's request for a restraining order. *First*, Mr. Perez has failed to satisfy the requirements of Federal Rule of Civil Procedure 65, which governs when a court may issue a restraining order. Because Mr. Perez requests a restraining order without prior notice to the individuals and entities that would be enjoined, his request must be accompanied by "*specific facts in an affidavit or a verified complaint* [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and a certification that explains "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added). Neither such certification has been provided to the Court.

Further, under Rule 65, a restraining order must state in reasonable detail "the act or acts restrained or required" and identify the persons or entities to be enjoined. Fed. R. Civ. P. 65(d). Mr. Perez seeks to enjoin, in addition to those entities he enumerates, every "other corporation that [he] has entered into agreement with or uses" and refers generally to restraining both

---

[1] Mr. Perez's amended complaint names several individual employees of the U.S. Department of Veterans Affairs while his request for a restraining order names only the "Veterans Affairs Bureau" itself.

"known and *unknown* officials directing this conspiracy against him."  Motion at 2, 5 (emphasis added).  This is inadequate specificity to satisfy Rule 65.

*Second*, and more fundamentally, Mr. Perez has failed to provide adequate factual support of the assertions contained in his initial motion and his subsequent letter.  To issue a restraining order, the Court must determine, among other factors, whether Mr. Perez "is likely to succeed on the merits" of his claims.  *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005).  Moreover, a restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion."  *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Sussman v. Crawford*, 488 F.3d 136, 139–40 (2d Cir. 2007)).  The conclusory and unsworn allegations in Mr. Perez's filings, which are not corroborated by any additional evidence, fall short of satisfying that high standard.

The Court therefore DENIES Mr. Perez's motion for a restraining order.  This resolves Docket Number 62.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk's office is respectfully directed to mail a copy of this Order to Mr. Perez and note the mailing on the public docket.

SO ORDERED.

Dated: February 8, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge